No. 8770.

HENRY GROEBEL & CO. VS. LUCIEN RISTROPH ET ALS.

The alleged value of the property in dispute, contained in a supplemental petition filed by plaintiff, will be the test of the amount in dispute in the controversy, even when a larger amount had been alleged in the original petition.

In cases arising since the organization of the present Courts of Appeals, the Supreme Court has no authority to transfer to such tribunals cases which are not of a sufficient amount to vest jurisdiction in this Court.

APPEAL from the Twenty-fourth District Court, Parish of St. Bernard. *Livaudais*, J.

*Geo. L. Bright* and *Beauregard & Chiapella* for Plaintiffs and Appellants.

*Bayne & Denègre* and *W. D. Denègre* for Defendants and Appellees.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.    Plaintiffs claimed the ownership of twenty-three mules and of some farming implements alleged to be in the illegal possession of the defendants, Ristroph and Denègre & Villeré, and prayed for the sequestration of the same, alleged to be worth $2,000.    The sheriff returned that he had sequestered twelve mules and the implements.

In his answer, Ristroph recognized the legality of plaintiffs' claim and title, and judgment was rendered against him, recognizing the title of plaintiffs to the property sequestered.

In their answer, Denègre & Villeré specially claimed the ownership of the twelve mules sequestered, and prayed accordingly.

Plaintiffs then filed a supplemental petition, reiterating the allegations of their original petition, and concluding with a prayer to be recognized as the lawful owners of the twelve mules in question, and in default of due delivery thereof, for judgment against Ristroph and Denègre & Villeré in the sum of one thousand dollars, the *value* of the *twelve mules in question*, and this appeal is taken by them from a judgment against them.

Among other grounds of dismissal the defendants urge that, under the pleadings, it appears that the amount in dispute does not exceed one thousand dollars; and from the foregoing statement of the pleadings and of the proceedings contained in the record, it is clear that the ground is well taken.

There is no appeal from the judgment in favor of plaintiffs against Ristroph, by which the title of plaintiffs to all the other property sequestered was recognized and finally settled.

The only issue thus left for adjudication was the ownership of the

twelve mules sequestered, and claimed in their answer by Denégre & Villeré. By plaintiffs' own allegations it is shown that the value of the mules did not exceed one thousand dollars. Hence, it follows, that under the pleadings, the pecuniary amount involved in the controversy, as between the parties thereto, does not exceed one thousand dollars, and that we have no jurisdiction of the cause.

We note plaintiffs' suggestion in their brief, that in case we should reach the foregoing conclusion, this appeal should not be dismissed, but that this case should be transferred to the Court of Appeals.

Such an order could be granted only in cases where the appeal had been taken previous to the organization of the Circuit Courts of Appeals. But this appeal was taken as late as the 23d of December, 1882. And in such a case our power is restricted to maintaining or dismissing the appeal.

In this proceeding we can express no opinion as to the right of plaintiffs to bring an appeal to the Circuit Court of Appeals.

Let this appeal be dismissed at appellants' costs.

Rehearing refused.